■ ERIC SULLIVAN, Appellant-Respondent, v ROBERT P. REARDON et al., Respondents-Appellants. [762 NYS2d 831] —In an action to recover payments due under various agreements, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Nassau County (O'Connell, J.), dated June 18, 2002, as, in effect, denied that branch of his motion which was for summary judgment against the defendants Robert P. Reardon, Lorraine J. Reardon, and Karamar Publishing Corp. to recover the unpaid portion of the outstanding balance of $888,205.67, and (2) an order of the same court dated October 16, 2002, as, in effect, directed that a determination of the sums owed shall take place at the time of the trial of the remaining issues in the action, and the defendants cross-appeal from the same orders.

Ordered that the cross appeals are dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order dated June 18, 2002, is reversed insofar as appealed from, on the law, that branch of the motion which was for summary judgment against the defendants Robert P. Reardon, Lorraine J. Reardon, and Karamar Publishing Corp. to recover the unpaid portion of the outstanding balance of $888,205.67 is granted, the order dated October 16, 2002, is vacated, and the matter is remitted to the Supreme Court, Nassau County, to calculate the amount owed and a reasonable attorney's fee; and it is further,

Ordered that the appeal from the order dated October 16, 2002, is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

After the defendants Robert P. Reardon, Lorraine J. Reardon, and Karamar Publishing Corp. (hereinafter the defendants) allegedly defaulted in making payments due to the plaintiff pursuant to certain promissory notes and related royalty contracts, the parties, among others, entered into an agreement on January 31, 1999. That agreement states that "the aggregate amount owed" as of January 31, 1999, pursuant to those prior agreements is $888,205.67, which includes the entire principal, past due interest, and past due royalties.

The January 31, 1999, agreement provides that the plaintiff will set off against the $888,205.67 certain profits generated by the plaintiff's investments in ventures introduced to the plaintiff by the defendant Robert R. Reardon for a period of six years subsequent to the plaintiff's initial investment or until payment in full or the occurrence of certain specified events, whichever occurred first.

The January 31, 1999, agreement explicitly states that each of those prior agreements remains "legally binding * * * and each is enforceable in accordance with its respective terms." Although no provision was made in the January 31, 1999, agreement as to what would occur in the event of a default, the prior promissory notes contained acceleration clauses granting the holder the option of declaring the entire unpaid balance due and payable in the event of a default.

Subsequent to January 31, 1999, the defendants defaulted in payments of principal, interest, and royalties as those sums became due and payable pursuant to the underlying agreements. The Supreme Court, in the order appealed from dated June 18, 2002, noted that the plaintiff established "the defaults on on-going payments due after the January 31, 1999 Agreement." However, the Supreme Court held that "any claim" for sums owed as of January 31, 1999, "must be deferred until the expiration of the six-year period" when the plaintiff's profits from certain investments could be credited against the $888,205.67.

Neither the January 31, 1999, agreement, nor any of the underlying agreements provide for a deferral of the defendants' obligations. The January 31, 1999, agreement specifically provides that the underlying agreements remain enforceable, each "in accordance with its respective terms" which include acceleration clauses. In view of the defendants' default, the plaintiff is entitled to recover the $888,205.67, less any amounts thereof which have been paid which will include any credits incurred under the January 31, 1999, agreement as of the date of the award to the plaintiff.

The Supreme Court did not rule on the plaintiff's demand for a reasonable attorney's fee. However, it is undisputed that the underlying agreements provide for an award of a reasonable attorney's fee. Accordingly, upon remittitur, the Supreme Court shall determine the amount of a reasonable attorney's fee to be awarded. Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.